UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OTONIEL LEANOS, | ) | Case No. ED CV 11-121-PJW |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant. | ) | |

I.  INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance benefits ("DIB"). He claims that the Administrative Law Judge ("ALJ") erred when he concluded that Plaintiff was not credible and that he could sit or stand for more than an hour. For the reasons discussed below, the Agency's decision is affirmed.

II.  SUMMARY OF PROCEEDINGS

In 2007, Plaintiff applied for DIB, alleging that he was disabled due to a hernia, pain throughout his body, and depression. (Administrative Record ("AR") 118-22, 146-47.) The Agency denied the application initially and on reconsideration. Plaintiff then

requested and was granted a hearing before an ALJ. (AR 85-86, 88-89.) Plaintiff appeared with counsel and testified at the hearing on November 16, 2009. (AR 33-71.) The ALJ subsequently issued a decision denying benefits. (AR 13-25.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-6.) He then commenced this action.

## III.   ANALYSIS

A.   <u>The Credibility Finding</u>

The essence of Plaintiff's testimony was that he was unable to work due to pain. (AR 41-45.) The ALJ found that this testimony was not credible. (AR 19-20.) Plaintiff argues that the ALJ erred in doing so. For the reasons explained below, the Court finds that the ALJ did not err.

ALJs are tasked with judging the credibility of witnesses. Where a claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged and there is no evidence of malingering, an ALJ can only reject the claimant's testimony for specific, clear, and convincing reasons. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). In making a credibility determination, the ALJ may take into account ordinary credibility evaluation techniques. *Id.* at 1284.

The ALJ cited numerous reasons for questioning Plaintiff's credibility. (AR 20.) He noted that Plaintiff testified at the administrative hearing that he could not communicate in English but communicated with one of the examining doctors in English and told that doctor that he could read and write in English. (AR 20, 23, 38, 583, 586.) This is a legitimate reason to question a claimant's testimony, *Perez v. Astrue*, 247 Fed. App'x 931, 934 (9th Cir. 2007)

1  (upholding ALJ's discounting of claimant's alleged inability to speak
2  English based on observation of claimant at administrative hearing and
3  record evidence supporting finding claimant could speak English), and
4  is supported by the record.
5     The ALJ also questioned Plaintiff's testimony because he
6  complained that he suffered from diarrhea six or seven times a month
7  and, at the same time, alleged that his medications, which he took
8  daily, caused constipation.  (AR 20.)  Again, this is a legitimate
9  reason to question the testimony and is supported by the record.  (AR
10 47, 53.)
11    The ALJ found that Plaintiff was not forthcoming with the
12 doctors, representing to one that a knee injury was work related
13 though the evidence contradicted that claim.  (AR 20.)  The record
14 supports the ALJ's finding (AR 797) and is a legitimate basis for
15 discounting Plaintiff's testimony.  The ALJ also noted that Plaintiff
16 failed to disclose to examining psychiatrist Donald Feldman that he
17 was working.  (AR 20.)  This finding, too, is supported by the record
18 (AR 739, 749) and is a legitimate reason for questioning Plaintiff's
19 testimony.
20    The ALJ pointed out that Plaintiff:
21    [A]ppears to have a tendency to exaggerate the alleged
22    severity of his symptoms, as documented by clinical evidence
23    of Waddell's signs shown on clinical examinations, his
24    refusal to take medications or otherwise comply with
25    treatment instructions; progress notes making reference to
26    minimal objective findings and/or an absence of subjective
27
28

```
        complaints elsewhere and within the same time[]frame alleged
        as present.
(AR 20.)
```

These findings are supported by the evidence. Plaintiff was examined by orthopedic surgeon Henry Bruce in December 2007. (AR 583-93.) In a nutshell, Dr. Bruce found that Plaintiff's complaints of debilitating pain were not supported by the objective medical evidence. (AR 20, 23.) He noted that Plaintiff exhibited positive "Waddell signs," meaning his impairments were "non-organic." (AR 588, 591.) Dr. Bruce pointed out that Plaintiff claimed that he could only sit for a half hour but that he reported sitting for an hour to help his kids with their homework and that he could drive for one-and-a-half hours. (AR 586.) The doctor noted that Plaintiff had no problem sitting for a half hour to give the doctor his history. (AR 588.) He also explained that Plaintiff's constant complaints of pain and difficulty performing various movements during the examination were inconsistent with the ease in which he was able to perform these same movements with other doctors. (AR 591.) Dr. Bruce reported that Plaintiff "participated in the examination rather reluctantly." (AR 587.)

The ALJ also relied on the fact that the treating and examining doctors concluded that Plaintiff was capable of performing medium level work, which contradicted Plaintiff's claims of impairment. (AR 20.) This finding, too, is supported by the evidence. (AR 259-78, 307-18, 331-39, 348, 583-93.) So, too, is the finding that Plaintiff refused to comply with treatment, another reason the ALJ questioned Plaintiff's claims. (AR 20.) Plaintiff was discharged from physical therapy because he stopped going after his first appointment. (AR

4

542.)  And he refused to take medication to treat his alleged psychiatric impairment.  (AR 566.)  These are legitimate reasons for questioning Plaintiff's testimony and are supported by the record. *See Carmickle v. Comm'r, Soc. Sec.,* 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

Finally, the ALJ noted that Plaintiff claimed at times that he had a 12th-grade education but told one of his doctors that he had a Bachelor's degree in electronics.  (AR 23.)  The record supports this factual finding (AR 547, 586) and supports the ALJ's questioning of Plaintiff's testimony.

Plaintiff disagrees.  He argues, it seems, that, since the ALJ did not conclude that Plaintiff was malingering, he was not empowered to reject the testimony.  (Joint Stip. at 25-26, 31-33.)  Plaintiff is simply wrong.  Assuming no malingering, an ALJ can still reject a claimant's testimony for specific, clear, and convincing reasons. *Smolen,* 80 F.3d at 1283-84.  Plaintiff also argues that, because his ability to speak English was not material to his disability claim and because he did not earn any money in the job he neglected to disclose to the examining psychiatrist, the ALJ should not have considered these issues in the credibility analysis.  These arguments completely miss the point.  The fact that a claimant feigns an inability to speak English in a proceeding to determine whether he can work--where an inability to speak English impacts the number of jobs that he can perform--is relevant to the credibility finding.  Likewise, the fact that a claimant has worked since his alleged disability onset date and withholds that information from the professionals who are assessing

whether he can work undermines the claimant's testimony.  Plaintiff's arguments to the contrary are rejected.

Under a separate argument regarding credibility, Plaintiff argues that the ALJ erred when he determined that Plaintiff's reported daily activities, like making a sandwich, driving his kids to school, and reading the Bible, suggest that he could work.  (Joint Stip. at 34-35.)  Again, the Court disagrees.  In the first place, it appears that Plaintiff is mixing up two arguments here.  He seems to be arguing that the ALJ rejected his testimony that he was disabled because he could perform a limited number of daily activities.  The Court does not find that the ALJ rested his credibility determination on the fact that Plaintiff can perform a limited number of daily activities.  Rather, the ALJ based the credibility finding on the laundry list of inconsistencies catalogued above.  Further, even if the ALJ had relied in part on these daily activities and that reliance had been erroneous, the Court would still uphold the credibility finding for the other reasons cited by the ALJ.  *See Carmickle,* 533 F.3d at 1162-63 (explaining ALJ's reliance on invalid reason to question claimant's testimony is harmless error if other, valid reasons for questioning credibility amount to substantial evidence).

The second part of Plaintiff's argument is that the ALJ incorrectly assumed that Plaintiff's ability to perform limited activities showed that he could perform the various functions necessary to work.  Again, the Court does not find that that is what the ALJ was saying.  Nor, assuming that it was, was such a finding critical to his credibility analysis.  For these reasons, these arguments are rejected.

B.  <u>The ALJ's Finding That Plaintiff Can Sit And Stand For More Than One Hour</u>

The ALJ determined that Plaintiff could perform light work, without any limitation on sitting or standing. (AR 18.) Plaintiff claims that the ALJ erred in reaching this conclusion. (Joint Stip. at 10-12.) He points out that he testified that he can only sit for an hour and stand for ten minutes. (Joint Stip. at 10-11.) He argues that, with these limitations, he is unable to perform light work.

The only evidence supporting Plaintiff's claimed inability to sit and stand is Plaintiff's testimony, which the ALJ found was not credible, a finding this Court has upheld. Thus, there is no credible evidence supporting Plaintiff's contention here. In fact, a fair reading of the medical record suggests that Plaintiff was not restricted in sitting or standing. (AR 269, 272, 316-18, 336-37, 592, 595, 628-30, 781, 788.) For this reason, this claim is rejected.

IV.  CONCLUSION

For the reasons set forth above, the Agency's decision is affirmed.

IT IS SO ORDERED.

DATED: <u>November 17, 2011</u>.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\LEANOS, 121\memo opinion and order.wpd